AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

FILED
RICHARD W. NAGEL
CLERK OF COURT

2020 JUL -7 PM 4:50

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
Information associated with the cellular telephone assigned call number (720) 410-3090, with International Mobile Subscriber Identity 310260064842239, that is stored at premises controlled by T-Mobile

Case No. 2:20-mj-468

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____Western_____ District of _____Washington_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | Conspiracy to knowingly and intentionally distribute and possess with intent to distribute a controlled substance |

The application is based on these facts:

See Attached Affidavit in Support

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Gregory Libow, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: July 7, 2020

Elizabeth A. Preston Deavers
United States Magistrate Judge

City and state: Columbus, Ohio

dge

## ATTACHMENT A

### Property to Be Searched

This warrant applies to records and information associated with the cellular telephone assigned call number **(720) 410-3090**, with International Mobile Subscriber Identity Number 310260064842239 ("the Account"), that are stored at premises controlled by T-Mobile ("the Provider"), headquartered at 12920 SE 38th Street, Bellevue, Washington 98006.

## ATTACHMENT B

### Particular Things to be Seized

**I.  Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period of March 20, 2020 through June 23, 2020

    a. The following information about the customers or subscribers of the Account:

        i. Names (including subscriber names, user names, and screen names);

        ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        iii. Local and long distance telephone connection records;

        iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        v. Length of service (including start date) and types of service utilized;

        vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

        vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

    viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

  b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

    i. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

    ii. information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received.

## II. Information to be Seized by the Government

All information described above in Section I that constitutes [evidence, fruits, contraband, and instrumentalities] of violations of Title 21 U.S.C. § 846 (attempting or conspiring to knowingly or intentionally manufacture, distribution, dispensation, or possession with intent to manufacture, distribute, or dispense a controlled substance as outlined in Title 21 U.S.C. § 841) have been committed by Rodolfo GONZALEZ Montano, Brian Diaz LOPEZ and other unknown co-conspirators during the period of March 20, 2020 through June 23, 2020.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE CELLULAR DEVICE ASSIGNED CALL NUMBER **(720) 410-3090**, WITH INTERNATIONAL MOBILE SUBSCRIBER IDENTITY 310260064842239, THAT IS STORED AT PREMISES CONTROLLED BY T-MOBILE | Case No. _____ <br><br> **Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Gregory Libow, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for information associated with a certain cellular telephone assigned call number **(720) 410-3090**, with International Mobile Subscriber Identity 310260064842239, that is stored at premises controlled by T-Mobile, a wireless telephone service provider headquartered at 12920 SE 38th Street, Bellevue, Washington 98006. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require T-Mobile to disclose to the government copies of the information further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

2. I am a Special Agent (SA) with HSI (Homeland Security Investigations), an investigative arm of the Department of Homeland Security (DHS), since May of 2019. I am assigned to the Central Ohio High Intensity Drug Trafficking Area (HIDTA) Dark Web Taskforce

1

in Columbus, Ohio, where I am responsible for conducting international narcotics smuggling and distribution investigations, to include narcotics trafficked by utilizing various dark web marketplaces. Prior to becoming a Special Agent, I was employed as a United States Customs and Border Protection (CBP) Officer for 8 years. During the later portion of my time at CBP, I worked in Columbus, Ohio, alongside HSI and other law enforcement agencies targeting drug and weapon shipments purchased off the internet. As a Special Agent, I am authorized to investigate violations of the laws of the United States and to execute warrants issued under the authority of the United States. Since the time of my assignment with HSI, I have been involved in narcotics-related arrests, executed search warrants that resulted in the seizure of narcotics, and participated in narcotics investigations. Through training and experience, I am familiar with the manner in which persons involved in the illicit distribution of controlled substances often operate. In particular, I am aware that drug traffickers often communicate with their customers, couriers, and/or associates through the use of standard hardline telephones, and cellular telephones, or use of multiple telephones or other devices, to avoid detection by law enforcement.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that a violation of Title 21 U.S.C. § 846 (conspiring to knowingly and intentionally distribute and possess with intent to distribute a controlled substance) have been committed by Rodolfo GONZALEZ Montano, Brian Diaz LOPEZ and other unknown co-conspirators. There is also

probable cause to search the information described in Attachment A for evidence of this crime, as described in Attachment B.

## PROBABLE CAUSE

5. On March 24, 2020, CBP at the Federal Express (hereinafter "FedEx") Hub in Memphis, Tennessee, pursuant to their authority, seized approximately 2.46 kilograms of heroin concealed inside a shipment of tiles. The label on the package indicated Airway Bill # 3913 4542 5939 was sent from Oswaldo Emmanuel Rodriguez CHAVEZ in Tepic, Mexico and addressed to Brian Diaz LOPEZ at 4885 Huron Avenue in Columbus, Ohio. The phone number listed on the package for LOPEZ was (323) 535-7999. Information related to the seizure was sent by CBP to HSI in Columbus, Ohio. It was determined that the address of 4885 Huron Avenue did not exist, but rather what appeared to be a "5" at the end of the street address was actually an "S" which would correspond to 488 S. Huron Avenue as the intended address of the parcel.

6. Law enforcement database queries confirmed that the phone number listed on the package belonged to Brian Diaz LOPEZ who had a valid California Identification Card issued to him with an address listed as 8635 Baring Crossing Street, Los Angeles, California 90044. Queries also revealed LOPEZ had an outstanding bench warrant issued on January 24, 2020, from Franklin County, Ohio, for failure to appear.

7. On March 31, 2020, at approximately 9:00 a.m., investigators with the Central Ohio HIDTA Dark Web Taskforce conducted surveillance on 488 South Huron Avenue in Columbus, Ohio, as it related to the FedEx package. Investigators observed a black Honda Civic parked on a parking pad in the alley to the east of the residence. The registered owner of the vehicle was Cielo CABALLERO with an address of 3686 Plainview Drive in Columbus, Ohio. Within the hour, investigators observed a Hispanic female, later identified as Cielo CABALLERO, and a

Hispanic male, later identified as Brian Diaz LOPEZ, leave the residence and get into the black Honda Civic. LOPEZ got into the driver seat and CABALLERO got into the front passenger seat. Investigators followed the Civic to 3043 West Broad Street, Columbus, where CABALLERO got out of the car and entered a business, Angel Tax Service Associates. LOPEZ, as the sole occupant, then drove the Civic back to 488 South Huron. LOPEZ exited the Civic and entered the residence. While surveilling the residence, investigators observed LOPEZ, on multiple occasions, open the front door, check the front porch, and then close the door again.

8. Continuing on the same day, at approximately 4:36 pm, a SA with HSI made a ruse phone call to the number of the intended recipient listed on the FedEx package, (323) 535-7999. The SA, posing as a FedEx worker, stated that he was calling about a FedEx parcel that had been unable to be delivered that day to 4885 Huron Avenue as the address did not exist. The female who answered the phone, later confirmed to be CABALLERO, told the SA that they were aware someone had listed the wrong address and that the correct address was 488 South Huron Avenue, Columbus, Ohio, 43204. CABALLERO confirmed the correct tracking number by reading it to the SA, and upon such confirmation, the SA told her that the package addressee would need to schedule an appointment to come to the FedEx facility at 2850 International Drive in Columbus to pick up the package. CABALLERO asked if they could pick up the package that day and the SA told her that they were closing for the day. CABALLERO scheduled a 10:00 a.m. appointment for the following day, April 1, 2020, for LOPEZ to pick up the package.

9. On the morning of April 1, 2020, while conducting surveillance at 488 South Huron Avenue, investigators observed LOPEZ and CABALLERO get into the black Honda Civic. LOPEZ then drove CABALLERO to Angel Tax Service Associates, and she was observed entering the business. Investigators then observed LOPEZ drive towards the FedEx facility. Once

LOPEZ was on International Drive within a short distance of the FedEx facility, a deputy with the Franklin County Sheriff's Office pulled the Civic over due to the active warrant for LOPEZ. LOPEZ was arrested on the warrant and placed in the back of the deputy's cruiser. Shortly after, SA Libow and HSI SA Van Sickle arrived at the stop and conducted an interview of LOPEZ. LOPEZ was advised of his Miranda rights, signed that he understood, and waived those rights to talk to investigators. During the interview, LOPEZ stated, in summary, that an old friend contacted him through Facebook Messenger and asked if he could use LOPEZ's address to get a package delivered. LOPEZ stated that he did not know what was going to be in the package, but that he (LOPEZ) was supposed to just leave it on his porch. LOPEZ advised that once the package arrived he (LOPEZ) was then to call his friend, and the friend would send someone to pick it up and pay LOPEZ $1000. LOPEZ stated that once he found out that he needed to go to FedEx to pick up the package, his friend offered him an additional $1000 to go to FedEx and pick it up. During the interview, LOPEZ agreed to and signed a consent to search form for his Samsung cellphone.

### Search of LOPEZ's phone

10. In early April 2020, a search was executed on LOPEZ'S phone, (323) 535-7999. Law enforcement recovered the following:

   a. A Facebook Messenger[1] conversation between LOPEZ and Rodolfo "Rodo" GONZALEZ Montano on February 14, 2020.[2] The user ID associated with the individual communicating with LOPEZ is "RODO.GLEZ.3". This information was determined through a Facebook query of Rodo Gonzalez (the name that

---

[1] Facebook Messenger is described in further detail in the next section of this Affidavit.

[2] It should be noted that the statements attributed below, as well as in proceeding sections of the Affidavit, are summary statements and do not appear verbatim. Some of the words could be edited based upon further review of the Cellebrite report or transcribed reports of the conversations originally written in Spanish. Almost all of the conversations between LOPEZ and GONZALEZ were in Spanish and were translated for purposes of this Affidavit.

appeared as the other party in the Messenger conversation.) When queried, the biographical information associated with GONZALEZ, confirmed that he resided in Columbus, Ohio. Further, the profile photo of GONZALEZ matched the photo in the Facebook Messenger communication. Once the profile was confirmed, law enforcement then accessed the web address bar for GONZALEZ which showed his user ID to be RODO.GLEZ.3. In the conversation GONZALEZ asked LOPEZ if he wanted a job picking up something and dropping it off. LOPEZ replied that it depends on what it is, and GONZALEZ said food. LOPEZ responds stating if it is here in Ohio then yes. GONZALEZ replies back saying yeah, it's in Ohio, you just go pick up and deliver. GONZALEZ then asks LOPEZ for his Snapchat information. LOPEZ sends his Snapchat link with the Snapchat Username "Brian_L5238" and GONZALEZ responds back saying he will explain through Snapchat.[3]

b. A WhatsApp[4] conversation between LOPEZ and phone number (971) 222-8413 that took place from March 7, 2020, through April 1, 2020. The initial conversation begins with the (971) 222-8413 stating that it was Rodo with a new number. Additionally, an administrative subpoena was served on T-Mobile which confirmed this phone number was subscribed to by GONZALEZ. On March 12, 2020, at approximately 4:39 p.m, GONZALEZ asked LOPEZ if he wanted another job like

---

[3] According to the Snap Incl. Law Enforcement Guide, "Snapchat is a mobile application made by Snap Inc. and available through the iPhone App Store. The Snapchat app provides users a way to share moments with photos, videos and chats.

[4] WhatsApp Inc. provides an Internet based multimedia messaging service (MMS) via a smartphone application that functions using both cellular and wireless data connections. WhatsApp Messenger is an alternative to traditional cellular short message service (SMS) and MMS. WhatsApp users may send text messages, audio messages, video messages, and location information between mobile devices with the WhatsApp Messenger application installed.

last time, and to pick up a package and deliver it. LOPEZ states he's with his girlfriend and he'll call GONZALEZ in a bit. LOPEZ then replied back asking when and GONZALEZ sends an audio message stating he will let LOPEZ know before the package arrives, so LOPEZ does not go out. GONZALEZ then asked for LOPEZ's address and LOPEZ replies he rented a house, needed cash, and to send more money his way. LOPEZ then sends a screenshot of the address 488 South Huron Avenue, Columbus, Ohio 43204. LOPEZ asked GONZALEZ to let him know so he does not go to work. GONZALEZ states he will let LOPEZ know the day before. LOPEZ said okay and asks for GONZALEZ to keep it low key and GONZALEZ replies back "yes", we do everything low key. LOPEZ then asks GONZALEZ if he could put it under another name, same address and that he'll be home anyway.

c. Continuing with this WhatsApp conversation, on March 26, 2020, LOPEZ asks GONZALEZ to send him the tracking number because the parcel had not arrived yet. GONZALEZ replies back with 3913 4542 5939. This is the same FedEx tracking number found on the packaging containing the heroin that was seized by CBP on March 24, 2020. LOPEZ says he will check the tracking number and replies back that the package is still in Guadalajara, Mexico. GONZALEZ replies back in an audio message saying that's what he is seeing as well. LOPEZ sends a screen capture of the tracking number showing that is pending.

d. Continuing with this WhatsApp conversation, on April 1, 2020, LOPEZ sends GONZALEZ a message saying GONZALEZ screwed up and put the wrong address. LOPEZ then sends two screen captures, one of the correct address and a second of a text message sent by an HSI SA posing as a FedEx employee stating the address was invalid for delivery. GONZALEZ replies back that "the idiot who mailed it put the wrong address". GONZALEZ replies again telling LOPEZ to go pick it up tomorrow and that it isn't going to be any trouble. LOPEZ then asks how much he is going to get so he knows.

e. Another WhatsApp conversation between LOPEZ and phone number (530) 567-9336. The phone number (530) 567-9336 used the same profile picture as GONZALEZ used on his Facebook Messenger account of a young boy and girl standing in front of, what appears to be, a brick apartment complex; as such, the conversation is believed to be with GONZALEZ. The conversation takes place between February 21, 2020, and March 1, 2020, and starts with GONZALEZ listing several individual's names with locations in Mexico and dollar amounts next to each. Several of the names were from Tepic, Nayarit, Mexico, the same area where the seized package of 2.46 kilograms of heroin originated. LOPEZ replies back with receipts from different wire transfer locations showing the money had been transferred to the names GONZALEZ listed. The wire transfers were made under several different individual's names including LOPEZ and CABALLERO. Based upon my training and experience, Drug Trafficking Organizations (DTOs) will use several different individuals to wire transfer money to avoid daily transfer limits.

  f. Continuing with this WhatsApp conversation, on February 29, 2020, GONZALEZ asked LOPEZ if he could pick up another paper. LOPEZ asked GONZALEZ how much and GONZALEZ replied back the same 4. LOPEZ agrees to do it and GONZALEZ sends him an address of 820 N. Wilson Rd, Columbus, OH 43204, a car wash, to meet up with a black car. GONZALEZ instructs LOPEZ to count it and states, "I'll send you the names soon" and "do the same as last time." On March 1, 2020, LOPEZ sent GONZALEZ four more wire transfer receipts and stated, "it's done."

  11. A recent federal search warrant served on LOPEZ's Snapchat account, "Brian_L5238", revealed an audio message dated February 21, 2020, from GONZALEZ's Snapchat account. In that audio message, GONZALEZ instructs LOPEZ to make four wire transfers of $920 plus $10 in transfer fees and states that LOPEZ could keep the remaining money as payment for the transfers. GONZALEZ finishes the audio message stating he'll give LOPEZ the names shortly.

  12. An HSI administrative subpoena served to T-Mobile revealed GONZALEZ's phone number (971) 222-8413 is activated to an iPhone 11 with IMEI# 353898109679993. Call records received from the same subpoena revealed GONZALEZ has made and received several phone calls to and from phone numbers linked to active heroin investigations in Oregon, Massachusetts and Ohio. The most incoming and outgoing called phone number on GONZALEZ's call history was **(720) 410-3090**, which appeared a total of 174 times on the phone records between the dates of March 6, 2020 through April 8, 2020.

13. An HSI Administrative subpoena served to T-Mobile on phone number **(720) 410-3090** revealed the phone was registered to Jose RODRIGUEZ with an address of 1301 Rivery Street, Aurora, Colorado 80012. Your Affiant confirmed through database queries that Rivery Street was not an actual address in Aurora, Colorado. Based on my experience and training, your Affiant is aware that it is a common practice for drug traffickers to use false names and addresses when establishing cellular telephone service.

14. On April 14, 2020 at approximately 4:00 p.m., GONZALEZ was arrested by Vancouver Police Department (VPD) for Intent to Deliver - Heroin (Revised Code of Washington [RCW] 69.50.401-DEL 1), Possession of a Controlled Substance - Heroin (RCW 69.50.401-PCS 1) and Maintaining a Drug Dwelling (RCW 69.50.402). Approximately 1 pound of heroin and $9,165.00 of drug proceeds were seized from the apartment where GONZALEZ resided. GONZALES was released from jail and his next court appearance is scheduled for fall 2020.

15. On May 20, 2020, HSI learned of information that was obtained from a Cooperating Defendant (CD) by the Salem (OR) Police Department Street Crimes Unit. In early April 2020, Salem Police Department arrested the CD on drug charges. The CD told investigators his supplier is a Hispanic male named El Choco, who is a heroin dealer and currently supplies the Oregon and Washington area with large quantities of heroin that comes up from Mexico. CD told investigators that he began "driving" for El Choco a couple of years ago when CD got out of prison. CD told investigators he would run shipments of heroin between California, Oregon, and Washington, for El Choco for almost a year. CD only recently began to conduct his own sales of heroin, with heroin supplied from El Choco. CD told investigators he will call El Choco on a Mexican phone number and order a quantity of heroin, generally 5 to 10 "pieces". Oregon investigators are aware that a "piece" is a common measurement of heroin equaling 25 grams. CD told investigators El Choco

will send a "runner" or a "driver" to meet with CD in Salem, Oregon. CD identified one of the runners as GONZALEZ. CD told investigators that he had three different phone numbers for El Choco, two of which were Mexican phone numbers. CD told investigators the third phone number was a Colorado number, but he could not remember the phone number. Investigators in Oregon later searched CD's phone with his consent and found phone number **(720) 410-3090**, which investigators knew to be a Colorado area code. Investigators also reviewed text messages under phone number **(720) 410-3090** and found several messages in Spanish, which referenced to what the investigators in Oregon believe to be drug transactions.

16. In my training and experience, I have learned that it is common for drug traffickers to having multiple cell phones and cell phone numbers.

17. In my training and experience, I have learned that T-Mobile is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

18. Based on my training and experience, I know that T-Mobile can collect cell-site data about phone number **(720) 410-3090**. I also know that wireless providers such as T-Mobile typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes.

19. Based on my training and experience, I know that wireless providers such as T-Mobile typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such as T-Mobile typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the phone number **(720) 410-3090**'s user or users and may assist in the identification of co-conspirators and/or victims.

## AUTHORIZATION REQUEST

20. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

21. I further request that the Court direct T-Mobile to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served on T-Mobile, who will then compile the requested

records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

22. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation, including by giving targets an opportunity to destroy or tamper with evidence, change patterns of behavior, notify confederates, and flee from prosecution.

Respectfully submitted,

_____
Gregory S. Libow
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me on the 7th day of July, 2020

_____
Elizabeth A. Preston Deavers
United States Magistrate Judge